**Aristotle SIMPRI, Plaintiff–Appellant,**

v.

**NEW YORK CITY AGENCY FOR CHILDREN'S SERVICES, Defendant–Appellee.**

**Docket No. 02–7101.**

United States Court of Appeals, Second Circuit.

Nov. 19, 2002.

Richard Turyn, Ballon, Stoll, Bader & Nadler, P.C. (Marshall B. Bellovin, of counsel), New York, NY, for Appellant.

Julian L. Kalkstein (Michael A. Cardozo, Corporation Counsel of the City of New York, Larry A. Sonnenshein, of counsel), New York, NY, for Appellee.

Present FEINBERG, CARDAMONE, and SACK, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be, and it hereby is, AF-FIRMED in part, and VACATED in part, and the case is REMANDED for reconsideration of the Title VII claim.

The plaintiff appeals from a December 28, 2001, judgment granting the defendant's Fed.R.Civ.P. 12(c) motion to dismiss the plaintiff's claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The plaintiff appeals only the dismissal of his Title VII claim.

*National Railroad Passenger Corp. v. Morgan,* —— U.S. ——, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), and *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), which may have a bearing on the case, were decided after Simpri's claims were dismissed. We therefore vacate and remand for reconsideration of the judgment in light of those decisions.

The inquiry on remand should consider whether any acts of the defendants following the June 1996 alleged incident of discrimination constitute "discrete discriminatory acts," which would start "a new clock for filing charges alleging" those acts, *see Morgan,* —— U.S. at ——, 122 S.Ct. at 2072,[1] and whether the plaintiff alleges a

---

1. The district court is particularly directed to the following observations by the Supreme Court:

We derive several principles from ... cases [previously discussed]. First, discrete discriminatory acts are not actionable if time

hostile work environment, *see id.* at ——, 122 S.Ct. at 2074.[2] The inquiry should include, but not necessarily be limited to, consideration of the effect, if any, of the plaintiff's December 11, 1998, memorandum to the Director of the Children's Services Staff Analyst Union, which listed the Commissioner of the agency and the Director of the plaintiff's unit among those receiving copies, and which described its subject as "final request for adjustment of my status," on the analysis of the plaintiff's claims.

Because the district court did not have the benefit of those decisions, we return this case to the court for further consideration in light of them. By doing so we do not intimate any view on the merits of the plaintiff's claims.

Because the plaintiff does not press his ADEA claim on appeal, to that extent we affirm the judgment of the district court.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED in part and VACATED in part, and the case is REMANDED for reconsideration of the Title VII claim.

---

barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act.... The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.

*Morgan,* —— U.S. at ——, 122 S.Ct. at 2072.

2. The Court observed, "It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Morgan,* —— U.S. at ——, 122 S.Ct. at 2074.